UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ROBERT REICHERT                                              CIVIL ACTION

VERSUS                                                       NO: 11-2171

MARK STARRING, ET AL.                                        SECTION: R(4)

**ORDER AND REASONS**

Before the Court is plaintiff's motion for leave to file its opposition to Ochnser's motion to dismiss and exhibits "D" and "E" under seal. Because some of the documents plaintiffs submit contain proprietary information, the Court GRANTS plaintiff's motion in part and DENIES plaintiff's motion in part.

**I. Background**

This case arises from allegations regarding a hip prosthesis known as the DePuy ASR. On August 10, 2011, Richard Reichert filed a complaint in state court against Mark Starring and Associates, Inc., Mark Starring, DePuy Orthopaedics, Inc., Johnson & Johnson, and the Ochsner Clinic Foundation alleging that the DePuy ASR hip implant that was sold and implanted in the plaintiff is defective. Defendants removed the action to federal court. On September 6, 2011, Ochsner Clinic Foundation filed a motion to dismiss.

In a separate state court case against the same defendants, *Plaisance v. Ochsner Clinic Foundation*, the court entered a stipulated protective order of confidentiality signed by all parties. Under that order, all references in motions or briefs to information in a "protected document" are to be filed under seal to the extent permitted by the applicable court rules and procedures. "Protected documents" are defined in the stipulated order as documents that contain trade secrets and other information that is of a proprietary, business, financial or technical nature and not readily known or available to competitors or the public. Plaintiff now moves to file its opposition memorandum and attached exhibits "D" and "E" under seal.

**II. Discussion**

The decision to seal a record "must be made in light of the 'strong presumption that all trial proceedings should be subject to scrutiny by the public.'" *U.S. v. Holy Land Found. for Relief and Dev.*, 624 F.3d 685, 690 (5th Cir. 2010)(citing *U.S. v. Ladd*, 218 F.3d 701, 704 (7th Cir. 2000). "[T]he power to seal court records must be used sparingly in light of the public's right to access." *Id.* Courts recognize a common law right to access judicial records and proceedings, but "the right is not absolute." *Bahwell v. Stanley-Bostitch, Inc.*, No. CIV.A. 00-

0541, 2002 WL 1298777, at *1 (E.D. La. June 10, 2002).  Public access serves to enhance the transparency and trustworthiness of the judicial process, to curb judicial abuses, and to allow the public to understand the judicial system better.  *Id.* (citing *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993)).  It follows then that "the district court's discretion to seal the record of judicial proceedings is to be exercised charily."  *Id.* (quoting *Van Waeyenberghe*, 990 F.2d at 848).  Although countervailing interests can outweigh the right of public access, the party who seeks to overcome the presumption of access bears the burden to show that the interest in secrecy outweighs the presumption.  *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993).  The decision as to access is left to the discretion of the trial court, *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 599 (1978), but any doubt must be construed in favor of disclosure.  *Marcus v. St. Tammany Parish Sch. Bd.*, No. Civ. A. 95-3140, 1997 WL 313418, at *5 (E.D. La. June 9, 1997) (citing *Grove Fresh Distribs., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994)).

    Plaintiff requests that the Court seal exhibits "D" and "E" as well as the entire opposition memorandum because it refers to these exhibits.  Plaintiff asserts that sealing these documents is necessary in order to comply with the terms of the state court's stipulated order of confidentiality in the *Plaisance* case

because exhibits "D" and "E" are "protected documents" in that matter.  Plaintiff's motion to seal is overbroad.  The only documents plaintiff submitted that contain proprietary information are exhibit "E" and the portion of exhibit "D" that contains the bill from Mark Starring to Ochsner hospital (pages 1-3).  The Court finds no reason to seal the memorandum because although it refers to those exhibits, it does not contain any specific proprietary language.

   Accordingly, the Court GRANTS plaintiff's motion to file exhibit "E" and pages one to three of exhibit "D" under seal and DENIES plaintiff's motion to file its opposition memorandum and the remainder of exhibit "D" under seal.


   New Orleans, Louisiana, this 21st day of September, 2011.

_____
            SARAH S. VANCE

         UNITED STATES DISTRICT JUDGE