```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

ROBERT REICHERT                               CIVIL ACTION

VERSUS                                        NO: 11-2171

MARK STARRING AND ASSOCIATES,                 SECTION: R(4)
INC., ET AL.

## ORDER AND REASONS

Before the Court is defendants' motion for a temporary stay of these proceedings pending a final ruling of the Judicial Panel on Multidistrict Litigation with respect to the transfer of this case to MDL No. 2197, *In re: DePuy Orthopaedics, Inc., ASR Hip Implant Products Liability Litigation*.[1]  Because the Court finds that the policies of efficiency and consistency will be furthered by a temporary stay of the proceedings, defendants' motion is GRANTED.

### I.   BACKGROUND

*A. The DePuy MDL*

DePuy Orthopaedics, Inc. ("DePuy") is a manufacturer of orthopaedic devices and supplies.  One of its products is a hip implant device known as the ASR.  On August 24, 2010, DePuy issued a voluntary recall of the ASR hip implant devices.  Following the recall, on December 3, 2010, the Judicial Panel on Multidistrict Litigation issued an order establishing MDL No.

---

    [1]    R. Doc. 15.

2197, *In re: DePuy Orthopaedics Inc., ASR Hip Implant Products Liability Litigation*, before Judge David A. Katz in the Northern District of Ohio.  More than 2,100 actions have been transferred to, or direct-filed in, the MDL court.

    *B. This Case*

Plaintiff Robert Reichert received a DePuy ASR hip implant in May 2007.  Reichert, a resident of Louisiana, filed a complaint against Mark Starring & Associates, Inc. ("MSA"), a corporation with its principal place of business in Louisiana, Mark Starring, a resident of Louisiana, DePuy, an Indiana corporation, Johnson & Johnson Services, Inc. ("Johnson & Johnson"), a New Jersey corporation, and Ochsner Baptist Medical Center, L.L.C. ("Ochsner"), a corporation with its principal place of business in Louisiana, in state court on August 10, 2011.[2]  On August 30, 2011, defendants removed the case to federal court.[3]  Defendants argue that this Court has diversity jurisdiction over the action because plaintiffs improperly joined MSA, Starring and Ochsner, the non-diverse defendants, and because the amount in controversy exceeds $75,000.  On September 6, 2011, Ochsner filed a motion to dismiss the hospital as a

---

    [2]    R. Doc. 1-2.

    [3]    R. Doc. 1.

party.[4]  Plaintiff filed a motion to remand the action to state court on September 27, 2011.[5]

Defendants seek a stay of the proceedings in this Court pending a final ruling of the Judicial Panel on Multidistrict Litigation regarding the transfer of this case to MDL No. 2197.[6] Defendants argue that a stay will advance the purpose of judicial economy and eliminate the potential for conflicting pretrial rulings.  Plaintiffs assert that the action should not be stayed because the motion to remand should be resolved before the panel acts on the motion to transfer.

## II.  ANALYSIS

This Court has discretion to decide whether to grant a temporary stay of proceedings pending the MDL court's decision regarding the transfer of this case.  *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936) (explaining that the ability to stay proceedings "is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for the litigants."); *Scott v. Bayer Corp.*, 2004 WL 63978, *1 (E.D. La. Jan. 12, 2004) ("The decision to grant or deny a

---

[4]   R. Doc. 8.

[5]   R. Doc. 20.

[6]   R. Doc. 15.

temporary stay of proceedings pending a ruling on the transfer of the matter to the MDL court lies within this Court's discretion"). When exercising its discretion, the Court is "guided by the policies of justice and efficiency." *Boudreaux v. Metro. Life Ins. Co.*, 1995 WL 83788, *1 (E.D. La. Feb. 24, 1995) (finding that these policies would be served and granting a stay of proceedings)(citing *In re Air Crash at Paris, France*, 376 F.Supp. 887 (JPML 1974)). The Court also recognizes that often "[i]t is advisable...for a district court to defer the resolution of certain pretrial matters until the Panel renders a decision". *Scott*, 2004 WL 63978 at *1 (citing Manual for Complex Litigation § 31.131, at 252 (3d ed. 2000)).

In this case, defendants challenge the joinder of Ochsner, the non-diverse hospital where the surgery was performed, Mark Starring, a non-diverse distributor of the ASR product, and MSA, Starring's non-diverse company. The transferee judge will have the power to determine the question of remand. *See Boudreaux*, 1995 WL 83788, *2 (citing *In re Air Crash Disaster at Florida*, 368 F.Supp. 812, 813 (JPML 1973)); *see also Harper v. DePuy Orthopaedics, Inc.*, 2011 WL 3049082, *9 (N.D. Ohio Jul. 25, 2011) (denying an Alabama plaintiff's motion to remand in a case that the Panel on Multidistrict Litigation transferred to the Northern District of Ohio). This means that regardless of the outcome of the MDL panel's decision regarding the transfer of this case,

4

plaintiffs' motion to remand will be resolved.  *See Foti v. Warner-Lambert Co., L.L.C.*, 2005 WL 2036920, *1 (E.D. La. Aug. 16, 2005) (granting a stay in part because "[i]n either forum (this Court or before the MDL panel), plaintiff will eventually have its motion to remand resolved.").  Importantly, the issue of whether non-diverse hospitals and distributors are properly joined defendants in ASR hip systems products liability suits is likely to be common to other transferred cases.  *See, e.g., Washington v. Bayer*, 2002 WL 1009472, *1 (E.D. La. May 16, 2002) (finding that although plaintiffs' motion to remand required a determination of whether plaintiffs could recover against non-diverse defendants under Louisiana law, the issues involved with the remand were likely to be common to other transferred cases).  Once transferred, these jurisdictional challenges can be heard and resolved by a single court.  Accordingly, the policies of efficiency and consistency of pre-trial rulings will be furthered by a stay of the proceedings in this Court pending the MDL panel's decision.

**IV.  CONCLUSION**

For the foregoing reasons, the Court GRANTS defendants' motion for a temporary stay.  IT IS ORDERED that all proceedings in this Court are hereby STAYED until the Judicial Panel on

Multidistrict Litigation makes a determination as to whether this case is to be transferred to the ongoing MDL proceeding.

New Orleans, Louisiana, this 26th day of October, 2011.

_____*Sarah Vance*_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE